UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCOTT SILK,

              Plaintiff,

        -v.-

HCMC LEGAL, INC.; HC2, INC., d/b/a
HIRE COUNSEL; and McDERMOTT
WILL & EMERY LLP,

              Defendants.

20 Civ. 10389 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    On February 11, 2021, Plaintiff filed a corrected motion to strike certain affirmative defenses in Defendants' Answers to the Complaint. (Dkt. #25-26). Plaintiff asked that the Court direct Defendants to amend their answers to address the issues raised by his motion, and if Defendants were unable to do so, that the Court strike their affirmative defenses. (Dkt. #26 at 1). Defendants responded to the motion on February 19, 2021, by submitting Amended Answers (Dkt. #29, 31), as well as briefs opposing Plaintiff's motion (Dkt. #30, 32). In their briefing, Defendants submitted that the Amended Answers resolved any deficiencies identified in Plaintiff's motion, and that his motion should accordingly be denied as moot. (*Id.*). On February 22, 2021, Plaintiff filed a reply brief, arguing only that the Court should strike Defendants' amended affirmative defenses of undue hardship. (Dkt. #33). And earlier today, Defendants submitted a letter requesting leave to file a sur-reply, on the ground that Plaintiff's reply brief was procedurally improper. (Dkt. #34).

Shortly thereafter, Plaintiff submitted a letter in response, opposing Defendants' request for such leave. (Dkt. #35).

At the outset, the Court will attend to Defendants' request for leave to file a sur-reply. (Dkt. #34). Though the Court has considered the arguments made in today's letter from Defendants, and will address them when it next turns to Plaintiff's motion, it believes that the filing of a sur-reply is unwarranted under the present circumstances. Accordingly, Defendants' request is DENIED.

Next, the Court observes that Defendants have amended their answers without the Court's directive. In their letter, Defendants argue that their Amended Answers have superseded their original Answers, rendering Plaintiff's motion moot. (Dkt. #34 at 1). As such, any application to strike their amended affirmative defenses required the filing of a new motion, rather than the filing of a reply brief. (*Id.*). In response, Plaintiff notes that he "reasonably believed" that a reply to Defendants' opposition papers "was in order." (Dkt. #35 at 1). He further argues that he presented no new matters in his reply brief. (*Id.* at 2). However, Plaintiff's characterization of his reply briefing is inaccurate. The Court observes that his opening briefing pertained to Defendants' original Answers (*see generally* Dkt. #26), while his reply briefing was limited to the new request that the Court strike Defendants' affirmative defense of undue hardship as pleaded in their Amended Answers (*see generally* Dkt. #33). In any event, the Court agrees with Defendants that their original Answers were superseded by the subsequent filing of their Amended Answers. Plaintiff's motion is accordingly DENIED as moot.

Moreover, the Court would caution Plaintiff against filing a new, albeit procedurally proper, motion to strike Defendants' amended affirmative defenses on the same grounds put forth in his reply brief.  While in his reply, Plaintiff argues that he has met the three-part standard applied by courts in this Circuit when considering motions to strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the Court remains unconvinced.  (*See* Dkt. #33 at 2-4).  Pursuant to this standard, in order for a district courts to strike a defense as insufficient: "[i] there must be no question of fact that might allow the defense to succeed; [ii] there must be no substantial question of law that might allow the defense to succeed; and [iii] the plaintiff must be prejudiced by the inclusion of the defense." *Specialty Minerals, Inc.* v. *Pluess-Staufer AG*, 395 F. Supp. 2d 109, 111 (S.D.N.Y. 2005).

In his reply brief, Plaintiff argues that Defendants' undue hardship defenses have no basis in fact.  In support, he refers the Court to the statutory standard for demonstrating undue hardship, but does not enlighten the Court as to how Defendants' allegations fail to pass muster under the standard.  (Dkt. #33 at 2 (citing *Rodal* v. *Anesthesia Grp. of Onondaga, P.C*, 369 F.3d 113, 122 (2d Cir. 2004)).  Moreover, he argues that because Defendants have not alleged any hardship, let alone any undue hardship, there is no question of law which might allow their defense to succeed.  (*Id.*).  The Court observes that Defendants' Amended Answers allege that, *inter alia*, "allowing Plaintiff to work from home full time would have imposed an undue hardship on McDermott" as "live attendance was an essential function of [Plaintiff's] position" (Dkt. #29 at

3

23), and "the scope and requirements of the McDermott document review project required the project staff to have regular onsite attendance to allow for live communication to discuss the project's issues and content in a time-specific and cost effective manner ... [and] in part to maintain document and IT security" (*id.* at 23-24; *see also* Dkt. #31 at 25 ("Plaintiff's request to work from full-time would have imposed an undue hardship on McDermott. Given the nature of the work, real time, live communication with other members of the team was essential.")). Plaintiff's briefing does not identify any specific deficiencies in these allegations, and merely dismisses them as "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." (Dkt. #33 at 3). The Court disagrees with these characterizations.

Lastly, Plaintiff argues that failing to strike these defenses would prejudice Plaintiff "by needlessly lengthening and complicating the discovery process and trial of this matter." (Dkt. #33 at 3). However, aside from this conclusory assertion, Plaintiff does not offer the Court any explanation as to how permitting the defenses to proceed would cause him prejudice. Moreover, as pleaded by Defendants, the allegations underpinning their undue hardship defenses appear to overlap to a great extent with the other issues in this case. As such, the Court does not expect that this argument would provide a basis for striking Defendants' undue hardship defenses, particularly given the Second Circuit's guidance that "[a] factually sufficient and legally valid defense should always be allowed if timely filed even if it will prejudice the plaintiff by

4

expanding the scope of the litigation." *GEOMC Co.* v. *Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019).

In sum, the Court DENIES both parties' applications. The Clerk of Court is directed to terminate the motions at docket entries 25 and 34.

SO ORDERED.

Dated: February 24, 2021
       New York, New York

KATHERINE POLK FAILLA
United States District Judge