UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SCOTT SILK,

                Plaintiffs,

     v.

HCMC LEGAL, INC., HC2, INC., d/b/a HIRE
COUNSEL, and MCDERMOTT WILL & EMERY
LLP,

                Defendant.

-----------------------------------------------------------------x

**MEMO ENDORSED**

Civil Action No. 1:20-cv-10389
(KPF)

## STIPULATION GOVERNING
## THE TREATMENT OF CONFIDENTIAL MATERIAL

IT IS HEREBY STIPULATED AND AGREED, by and between plaintiff Scott Silk ("Plaintiff") and defendants HCMC Legal, Inc. and HC2, Inc. d/b/a Hire Counsel (together, "Hire Counsel") and McDermott Will & Emery LLP ("McDermott," and together with Hire Counsel, "Defendants") (individually, a "Party", and collectively, the "Parties"), through their respective counsel, that this Stipulation governs the use and handling of documents, exhibits, deposition testimony, video and audio tapes and other information and documentation, including all copies, excerpts and summaries thereof (collectively, "Material"), produced by any Party to another Party in connection with the above-captioned lawsuit (the "Action"). Any Party may designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" any Material which it produces in response to document requests or interrogatories served in this proceeding, or other discovery obligations herein, when such Party in good faith believes that the Material contains sensitive personal, financial, medical, commercial, business, security or safety information, or contains

information that is non-public, proprietary, or constitutes a trade secret relating to such Party, to Defendants, or to any of Defendants' current or former employees, the public disclosure of which may have an adverse effect on the personal, financial, private, non-public, proprietary, commercial, or business reputation or interests of such Party or Defendants' employees ("Confidential Material").

As used herein, "Highly Confidential - Attorneys Eyes Only" or "Highly Confidential - Attorneys Eyes Only Material" includes any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.

1. Confidential Material and Highly Confidential – Attorneys' Eyes Only Material shall be subject to the following restrictions:

(a) Confidential Material and Highly Confidential – Attorneys' Eyes Only Material shall be used only for the purpose of the Action (including appeals, if any), and not for any other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except those to whom it is necessary that such Material be given or shown for the purposes permitted under this paragraph 1, as set forth in subparagraphs (b) and (c) below.

(b) Confidential Material shall be disclosed, for the purposes set forth above, only to:

(i) the Parties and current officers and employees of the Parties in this action who have a need to know the information;

(ii) the Parties' counsel of record and other counsel for the Parties in this litigation and such employees, experts, contractors, agents, and consultants working with counsel, if any, in connection with this litigation;

(iii) the litigation forums in which the Action may proceed (including the Court, court reporters, stenographic reporters);

(iv) any witness deposed;

(v) non-Party witnesses in preparation for, or in, pre-trial or trial proceedings relating to the Action;

(vi) any other person who agrees in writing to be bound by the terms of this Stipulation, by having such person sign an acknowledgement, attached as Exhibit A, maintained by counsel who discloses the Confidential Material to such person.

(c) Highly Confidential – Attorneys' Eyes Only Material shall be disclosed, for the purposes set forth above, only to:

(i) outside counsel of record for the Parties, and the administrative staff of outside counsel's firms;

(ii) in-house counsel for the Parties, and the administrative staff for each in- house counsel;

(iii) independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a Party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the Parties in this litigation, and only after such persons have completed the certification attached hereto as Attachment A, Acknowledgment;

(iv) the Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action;

(v) the authors and the original recipients of the documents;

(vi) any court reporter or videographer reporting a deposition; and

(vii) employees of copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the parties during the litigation of this action;

(d) Any Party wishing to use or disclose any Confidential Material or Highly Confidential – Attorneys' Eyes Only Material produced by the other Party in any Court proceeding other than the Action shall notify the other Party at least five (5) days prior to such disclosure to allow either Party the opportunity to meet and confer to discuss seeking protection from the Court or, if the Parties do not agree, to seek such protection from the Court.

(e) Notwithstanding any of the foregoing provisions, any Party may disclose its own Confidential Material to any other individual or entity, without waiving such confidential designation.

2. Each person given access to Confidential Material or Highly Confidential – Attorneys' Eyes Only Material pursuant to the terms hereof (a "Non-Party") shall be advised that the Confidential Material or Highly Confidential – Attorneys' Eyes Only Material is being disclosed pursuant to and subject to the terms of this Stipulation and may not be disclosed or used other than pursuant to the terms hereof. Before a Non-Party (subject to 1(b)(v) and (vi) and (c)(iii) above) is given access to Confidential Material or Highly Confidential – Attorneys' Eyes Only Material, he/she must read and agree in writing to be bound by the provisions of this Stipulation

by executing the acknowledgment attached as Exhibit A. Each Party and its respective counsel agree to immediately notify counsel for all other Parties if it obtains knowledge or information that a Non-Party is about to disclose, or has disclosed, Confidential Material or Highly Confidential – Attorneys' Eyes Only Material to persons who have not agreed to be bound by the provisions of this Stipulation.

3. Any document provided by a medical provider to any Party shall be deemed "Confidential" regardless of whether it is marked "Confidential," and without waiver of any rights or obligations described in this Stipulation.

4. Recipients of subpoenas issued in this litigation pursuant to Federal Rule of Civil Procedure 45 may, when producing discovery here, designate Discovery Material as "Confidential" pursuant to this Order, to the same extent as the parties in the litigation, and subject to the same procedures.

5. Documents not marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" that a Party produced prior to the execution of this Stipulation, will be treated as Confidential Material or Highly Confidential – Attorneys' Eyes Only Material so long as the producing Party identifies by Bates stamp number to the other Party those documents that are to be treated as Confidential or Highly Confidential – Attorneys' Eyes Only.

6. Any document any Party produces in furtherance of settlement discussions shall be deemed Confidential Material regardless of whether it is marked "Confidential," and without waiver of any rights or obligations described in this Stipulation.

7. Confidential Material or Highly Confidential – Attorneys' Eyes Only Material shall be designated as follows:

(a) In the case of documents, designation shall be made by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page of any such document prior to production.

(b) In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Material or Highly Confidential – Attorneys' Eyes Only Material shall be made by a statement to such effect on the record during the course of the deposition or within two weeks after such deposition has been transcribed. All deposition transcripts shall be "Confidential" for two weeks following the receipt of the transcript to afford the Parties the opportunity to designate the transcript or portions thereof "Confidential" or "Highly Confidential – Attorneys' Eyes Only." When designation of Confidential Material has been made during the course of a deposition, the reporter attending such deposition shall thereafter place the appropriate legend on the cover of the Confidential or Highly Confidential – Attorneys' Eyes Only portions of the transcript if requested to do so by the Party making such statement. The signatories to this Stipulation may modify this procedure for any particular deposition through agreement on the record at such deposition or within a reasonable time after the conclusion thereof, without a further Order of the Court.

8. (a) The Parties may move, on at least two business days' notice, for (i) modification of this Stipulation or (ii) relief from the provisions of this Stipulation with respect to specific Material (subject to the terms of paragraph 8(b), below).

(b) The Non-Producing Party of Confidential Material or Highly Confidential – Attorneys' Eyes Only Material shall not be obligated to challenge the propriety of the designation of Material as Confidential Material or Highly Confidential – Attorneys' Eyes Only Material at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If the Non-

Producing Party challenges such designation, it shall send or give notice to counsel for the other Party, and counsel for the Parties shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the Parties cannot resolve the challenge within two business days of the receipt of such challenge, any Party may, on at least five (5) business days' notice, seek relief from the Court. In the event of such application, the burden will be on the proponent of confidentiality to satisfy the standards for a protective order set out in the Federal Rules of Civil Procedure, the Local Rules of Court, and applicable case law. In the event of any such dispute, the Parties shall treat the Material at issue as Confidential Material until such time as the Court resolves the dispute.

9. In addition to designating documents as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," a producing or receiving Party may require redactions to such documents (whether the Party's own documents or documents produced by another Party or Non-Party for use in this litigation). To the extent that a Party objects to any such redaction, the Parties shall address that dispute subject to the provisions of this Stipulation, with the Court ultimately to decide (based on an in camera review of a non-redacted version of each document at issue) any dispute over the need for redactions that the Parties cannot resolve on their own.

10. If a Party wishes to file a document with the Court containing information that the other Party has designated as Confidential Material or Highly Confidential – Attorneys' Eyes Only Material, the Parties shall confer in good faith in order to determine whether the document may be filed in a manner that protects the Confidential Material or Highly Confidential – Attorneys' Eyes Only Material, such as by redaction (pursuant to paragraph 9). If the Parties cannot agree, the filing Party shall request the Court's permission to file the document containing Confidential

Material or Highly Confidential – Attorneys' Eyes Only Material under seal. The Parties will use their best efforts to minimize such sealing.

11. Any reproductions, summaries, or abstracts of Confidential Material or Highly Confidential – Attorneys' Eyes Only Material shall be treated in the same manner as the originals.

12. (a) This Stipulation, insofar as it restricts the communication and use of Confidential Material or Highly Confidential – Attorneys' Eyes Only Material, shall continue to be binding throughout and after the conclusion of this litigation. At the conclusion of this litigation, each Party shall return promptly to its own counsel all Confidential Material and Highly Confidential – Attorneys' Eyes Only Material. Similarly, a Non-Party who has agreed in writing to be bound by this Stipulation shall promptly return to the counsel who provided such Confidential Material or Highly Confidential – Attorneys' Eyes Only Material for the Non-Party's review all such Confidential Material or Highly Confidential – Attorneys' Eyes Only Material in the Non-Party's possession.

(b) Within sixty (60) days after final termination of this Action, including all appeals, each Party shall either (a) return all Confidential Material and Highly Confidential – Attorneys' Eyes Only Material to the producing Party (including any copies, extracts or summaries thereof or documents containing information taken therefrom, but excluding any materials which in the judgment of counsel reflect the work product of the recipient); or (b) destroy all such material and, upon request of the producing Party, deliver to the producing Party a letter certifying that such destruction of Confidential Material and Highly Confidential – Attorneys' Eyes Only Material has occurred. However, either Party may seek the permission of the other Party to retain any Confidential Material or Highly Confidential – Attorneys' Eyes Only Material in their office files, but shall otherwise be bound by the terms of this Stipulation.

(c) Notwithstanding the return or destruction of any Confidential Material or Highly Confidential – Attorneys' Eyes Only Material, the Parties shall be bound by the terms of this Stipulation.

13. It is expressly recognized that inadvertent production by any Party of privileged or arguably privileged matters shall not be deemed to be either: (a) a general waiver of the attorney-client privilege, the work product doctrine, the physician-patient privilege, or any other recognized privilege; or (b) a specific waiver of any such privilege with respect to documents being produced or the testimony given. Notice of any claim of privilege as to any document claimed to have been produced inadvertently shall be given within a reasonable period of time after discovery of the inadvertent production, and, on request by the producing Party, all inadvertently produced Material as to which a claim of privilege or work product protection is asserted and any copies thereof shall be returned promptly. However, if the receiving Party disputes the claim of privilege or work product protection, it will segregate the document at issue until the Parties' dispute is resolved. The Parties recognize that the protection under this paragraph is stricter than that provided for under Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

14. The Parties agree to be bound by the terms of this Stipulation pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all the parties.

15. This Stipulation may be executed in one or more counterparts, each of which will be deemed an original, but which collectively will constitute one and the same instrument. Signed facsimile or e-mail copies will be acceptable as an original.

| Dated: May 19, 2021 | Dated: May 19, 2021 |
|---|---|
| Zachary J. Liszka, Esq. | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |

By:  */s/ Zachary J. Liszka*
    Zachary J. Liszka, Esq.
    33 Nassau Avenue, Fl. 2
    Brooklyn, NY 11222
    (347) 762-5131

*Attorneys for Plaintiff*

By:  */s/ Michael Nacchio*
    Michael Nacchio
    Valerie Weiss
    10 Madison Avenue, Suite 400
    Morristown, NJ 07960
    (973) 656-1600

*Attorneys for Defendants HCMC Legal, Inc. and HC2, Inc. d/b/a Hire Counsel*

MCDERMOTT WILL & EMERY LLP

By:  */s/ Andrew B. Kratenstein*
    Andrew B. Kratenstein
    Christina S. Dumitrescu
    340 Madison Avenue
    New York, New York 10173-1922
    (212) 547-5400

*Attorneys for Defendant McDermott Will & Emery LLP*

```
This confidentiality agreement does not bind the Court or any of
its personnel.  The Court can modify this stipulation at any
time.  The Court will retain jurisdiction over the terms and
conditions of this agreement only for the pendency of this
litigation.  Any party wishing to make redacted or sealed
submissions shall comply with Rule 6(A) of this Court's
Individual Rules of Civil Procedure.

Dated:     May 19, 2021
           New York, New York
```

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT

The undersigned, for and on behalf of himself/herself/itself and his/her/its employees, agents and representatives, hereby acknowledges receipt of information which has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the terms and restrictions of the Stipulation Governing the Treatment of Confidential Material (the "Stipulation") signed in *Scott Silk v. HCMC Legal, Inc., HC2, Inc., d/b/a Hire Counsel, and McDermott Will & Emery LLP*, Civil Action No. 1:20-cv-10389 (KPF), and that the undersigned has been given a copy of and has read and understands such Stipulation. The undersigned agrees to subject himself/herself/itself to the personal jurisdiction of this Court for purposes of the enforcement of this Stipulation and to abide and be bound by its terms and provisions. Among other things, the undersigned understands that he/she/it shall not disclose (as defined in the Stipulation) any of such Confidential Information or Highly Confidential – Attorneys' Eyes Only Material to any parties not covered by the Stipulation, and that such Confidential Information or Highly Confidential – Attorneys' Eyes Only Material, including copies of any Confidential Information or Highly Confidential – Attorneys' Eyes Only Material, is to remain in his/her/its personal custody until the undersigned has completed his/her/its assigned duties, whereupon such Confidential Information or Highly Confidential – Attorneys' Eyes Only Material is to be destroyed or returned to the person or entity that provided the undersigned with such material. The undersigned further agrees to notify any stenographic, administrative, or clerical personnel who are required to assist him/her/it of the terms of the Stipulation. The undersigned agrees and attests to his/her/its understanding of this Acknowledgment and that in the event the undersigned or any of his/her/its agents or

employees fails to abide by the terms of the Acknowledgement, the undersigned may be subject to legal action and/or other sanctions imposed by the Court for such failure.

IN WITNESS WHEREOF, the undersigned has executed this Acknowledgment this \_\_\_\_ day of _____, 201\_\_.

_____
Signature

_____
Print Name

47183038.1